# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JAMES J. HARRISON BOZEK, II,

           Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

           Defendant.

Case No. 14-CV-20-FHM

## OPINION AND ORDER

Plaintiff, James J. Harrison Bozek, II, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 2, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Belinda Darlene Crutchfield was held October 22, 2012. By decision dated November 7, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 15, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 21 years old on the alleged date of onset of disability and 25 on the date of the ALJ's denial decision. He has a General Equivalency Diploma education and formerly worked as electrician's apprentice, fast food cook, counter assembler, short order cook, dishwasher, sales clerk, fast food manager, restaurant cook, and computer administrator. He claims to have been unable to work since March 26, 2009 as a result of pain and bowel dysfunction due to Crohn's disease.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform less than the full range of medium work as defined in 20 C.F.R. § 416.967(c). He should avoid unprotected heights, dangerous machinery, and other hazards. He should have at will access to a restroom. [R. 16-17]. Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative

sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in performing the credibility analysis.

## **Analysis**

In *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the Court outlined the analysis to be undertaken in evaluating the credibility of a claimant's allegations of disabling pain. Plaintiff argues that the ALJ misapplied the *Luna* analysis. There is no merit to this argument.

*Luna* requires that the ALJ must first determine whether the record contains objective medical evidence of a pain-producing impairment. *Luna*, 834 F.2d at 163. The ALJ's finding that Plaintiff suffers from Crohn's disease satisfies this requirement. Next, *Luna* requires the ALJ to determine whether the medically determinable impairment could be expected to cause the symptoms Plaintiff alleges. *Luna*, 834 F.2d at 164. The ALJ also made this finding. The ALJ stated: "the undersigned finds that the claimant's medically determinable impairment could reasonable be expected to cause the alleged symptoms." [R. 18]. In addition, the ALJ's RFC included the limitation of at will access to restrooms in acknowledgment of Plaintiff's alleged symptom of unpredictable diarrhea. [R. 17].

In the final step of the *Luna* analysis, the ALJ considers numerous factors to determine the credibility of the subjective claims of pain. *Luna*, 834 F.2d at 165-166, *Kepler v. Chater*, 685 F.3d 387, 391 (10th Cir. 1995)(listing factors), 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (same). The ALJ found that Plaintiff's statements about the

3

limiting effects of his symptoms were not entirely credible, [R. 18], in other words the ALJ found that Plaintiff was not as limited as he claimed to be. In making this finding, the ALJ contrasted the medical report dated June 18, 2012 with the medical report dated September 5, 2012, in which Plaintiff reported feeling much better, having less diarrhea and constipation, and had gained weight. [R. 18, 381, 388]. The ALJ also noted Plaintiff's testimony that he applied for a job as a deliveryman at about the same time he reported feeling much better. Such a job would remove Plaintiff from ready access to toilet facilities that he claims to require. The ALJ concluded that applying for the deliveryman job indicates Plaintiff felt he had recovered enough to take on that work. [R. 18].

Plaintiff claims that the ALJ's comments about the job application indicate she erroneously considered his credibility in conjunction with determining whether Crohn's disease could be expected to cause the alleged symptoms. The ALJ's decision simply cannot be read in such a manner. As previously stated, the ALJ unmistakably found that Crohn's disease could cause the symptoms Plaintiff alleges.

Plaintiff seems to argue that the ALJ should have considered more factors than his job application in assessing his credibility. Plaintiff also states, "[a] reasonable mind would not accept as adequate that a person's severe impairment of Crohn's disease had vanished because that person applied for a job as a deliveryman." [Dkt. 12, p. 9]. The ALJ did not find that Plaintiff's Crohn's disease vanished. The ALJ found that Plaintiff was not as impaired as he portrayed, in part because the medical evidence showed his condition improved and as further evidenced by the fact he applied for a job as a deliveryman.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.

4

However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citation, brackets, and internal quotation marks omitted). The court finds that the ALJ's credibility finding is supported by substantial evidence and Plaintiff has not demonstrated any reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

### **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 25th day of February, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5